IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LINDA JEWELL AND BAYLOR JEWELL                              PLAINTIFFS

VS.                                           CAUSE NO.: 1:09cv244-GHD-JAD

CATHERINE CANNON AND STATE
FARM FIRE AND CASUALTY COMPANY                              DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before this Court is Defendant State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment. After reviewing the motion, response, rebuttal, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

On March 24, 2008, State Farm issued a policy of automobile liability insurance to Linda Jewell and Baylor Jewell covering a 2002 Ford Econoline Van. The policy was issued in the State of Mississippi and provided uninsured motorist coverage for bodily injury with limits of $25,000 per person and $50,000 per accident and for property damage coverage of $25,000 per accident. The vehicle operated by Linda Jewell was registered in the State of Mississippi, MS and her stated residence at the time of the accident was Tupelo, Mississippi. Since the accident, Plaintiff Linda Jewell has returned to Louisiana.

On June 19, 2008, the insured Linda Jewell was driving her insured 2002 Ford Econoline Van north when it collided with Defendant Catherine Cannon's 2000 Toyota 4-Runner. The issue of who had a green light and the right to enter the intersection is irrelevant to this motion. The vehicle driven by Catherine Cannon was owned by her father, Craig Cannon, and insured

under a GuideOne America Insurance Company policy that provided for liability coverage limits for bodily injury of $100,000 per person and $300,000 per accident.

Plaintiffs, Linda Jewell (hereinafter "Plaintiff") and Baylor Jewell filed a Complaint in the 18th Judicial District Court, Parish of Pointe Coupee, State of Louisiana on February 18, 2009 seeking to recover for Linda Jewell's alleges injuries and damages, including future medical treatment, as a result of said accident and for her husband and plaintiff, Baylor Jewell's loss of consortium claim.

On March 17, 2009, Defendant Catherine Cannon filed a notice of removal to the United States District Court for the Middle District of Louisiana. Then on July 6, 2009, Defendant Catherine Cannon filed a motion to change venue to the Northern District of Mississippi. The District Court for Middle District of Louisiana granted the motion to change venue finding that Defendant "clearly demonstrated" that the factors in favor of the Northern District of Mississippi outweigh the Plaintiffs' choice of forum.

On July 9, 2009, Defendant State Farm filed a motion for summary judgment alleging that it is entitled to judgment as a matter of law as to Plaintiffs claims against it. The Court finds that Plaintiffs have presented no evidence of any genuine issue of material fact as to any of their claims against State Farm and therefore, those claims are addressed below.

*B. Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324; Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). To constitute a genuine dispute of material fact, the evidence must be such that it would permit a reasonable jury to return a verdict for the non-moving party. Chaplin v. NationsCredit Corp., 307 F.3d 368, 372 (5th Cir. 2002)(*citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). The party opposing summary judgment may not merely rely upon conclusory assertions of wrongful conduct in an attempt to create a genuine issue of material fact for trial, but instead, must show that the party has legally sufficient evidence in support of their claim so as to allow the litigation to continue. Morris v. Covan World-Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

## C. Discussion

### 1. Conflict of Laws Analysis

Before the Court can rule on the motion presently before it, the Court must determine which State's substantive law must be applied to the case. "A federal court sitting in diversity applies the substantive law of the forum state." *Salve Regina College v. Russell*, 499 U.S. 225, 226, 111 S.Ct. 1217, 113 L.Ed. 2d 190 (1991) (*citing Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). The United States Supreme Court in *Klaxon*, held that in a diversity of citizenship case, the Federal Courts must follow the law of the forum state when deciding questions of conflict of laws or diversity of citizenship could "disturb equal administration of justice in coordinate state and federal courts sitting side by side." *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (U.S. 1941).

There is no dispute that Louisiana conflict of laws rules govern this case. Therefore, the Court must apply Louisiana substantive law in determining which state's law will govern the interpretation of the State Farm UM policy. Louisiana Civil Code art. 3515 contains the general rule concerning determination of which state's law is applicable to a conflicts situation. Louisiana Civil Code art. 3515 states:

> Except as otherwise provided by this book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the issue.
>
> The state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

4

Louisiana Civil Code art. 3537 contains provisions specifically related to conventional obligations. Louisiana Civil Code art. 3537 provides:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the issue.
>
> The state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other."

The undisputed contacts with the State of Mississippi include the following: 1) Plaintiff, Linda Jewell was a resident of Mississippi at the time of the accident; 2) at the time of the accident the vehicle Plaintiff was driving was registered in Mississippi; 3) Defendant, Catherine Cannon is a resident of Mississippi; 4) Defendant, Catherine Cannon's vehicle was registered in Mississippi at the time of the accident; 5) the non-party witnesses to the accident are residents of Mississippi; and 6) the accident occurred in Mississippi.

In addition, State Farm alleges that the contract for insurance was negotiated and formed in Mississippi and therefore, Plaintiffs' UM policy is a Mississippi contract. Plaintiff claims that the policy in place at the time of the accident was actually a renewal of a policy that was originally issued in Louisiana, for vehicles registered in Louisiana. However, State Farm submitted to the Court signed affidavits which rebut Plaintiffs' assertion. The first affidavit is from State Farm underwriting section manager for the State of Louisiana in which she states she was unable to identify any Louisiana policy issued to Plaintiffs which covered 2002 Econoline

5

Van. The second affidavit is from the State Farm underwriter for the State of Mississippi stating coverage on the Plaintiffs' 2002 Ford Econoline Van, under Mississippi policy number 0478570-24, was issued on 9/24/04; that coverage was never transferred to Louisiana; and that prior coverage was reportedly through GEICO not State Farm. Therefore, the Court finds that the insurance policy in place at the time of the accident was a Mississippi negotiated and formed contract for insurance coverage.

The contacts with Louisiana are minimum in regards to the accident involved: 1) Plaintiff, Baylor Jewell is a Louisiana resident; 2) Plaintiff, Linda Jewell alleges to currently be a resident of Louisiana; and 3) Plaintiff, Linda Jewell has received some of her medical treatment in Louisiana.

After applying Louisiana Civil Code articles 3515 and 3537 to the facts of the case *sub judice*, the Court, due to the overwhelming contacts with Mississippi along with the fact this Court deems the insurance policy to be a Mississippi contract, determines that Mississippi's policies would be the most seriously impaired if its law were not applied to the issue. Therefore, Mississippi substantive law applies.

### 2. *Mississippi Law*

Under Mississippi law, the definition of an uninsured motor vehicle includes:

> c(iii) An insured motor vehicle, when the liability insured of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage; or...

Miss. Code Ann. §83-11-103.

The State Farm UM policy issued to the Plaintiffs and in effect at the time of the accident contains the following provision:

6

> c. The Uninsured Motor Vehicle Coverage limits for bodily injury damages will be reduced by any amount paid or payable to or for the insured by or for any person or organization who is or may be held legally liable for bodily injury sustained by the insured.

Plaintiffs' State Farm UM coverage limits are $25,000 per person, $50,000 per accident and $25,000 property damage. Defendant Catherine Cannon's policy provides for liability coverage limits for bodily injury of $100,000 per person and $300,000 per accident.

State Farm argues that under Mississippi law, it is entitled to a set-off in the amount of the Defendant Cannon's policy limits because Cannon's limits are above Plaintiff's uninsured (or underinsured) policy limits. In *Kuehling*, the Mississippi Supreme Court granted an offset to State Farm, holding that the "insurance company is bound to pay only that amount which constitutes the difference between policy limits available under an insured's own policy and that amount received from underinsured." *State Farm Fire and Casualty Company v. Kuehling*, 475 So.2d 1159, 1163 (Miss. 1985). It is therefore State Farm's position that under both Mississippi law and the terms of the UM policy, there is no available UM coverage from State Farm.

Plaintiffs argue that even if State Farm is entitled to a "setoff" that nothing has been paid and no judgment has rendered damages payable to the Jewells for their alleged damages. Plaintiff relies on this argument to preclude the entry of summary judgment on the claims against State Farm.

The Court finds Plaintiffs' argument is without merit. The policy limits contained in Defendant Cannon's policy compared to the Plaintiffs' UM policy limits prohibits the determination that Plaintiffs are entitled to any UM coverage. Whether Defendant Cannon or any other party has been found liable for Plaintiffs' damages is irrelevant to the present issue of UM coverage.

The Court is of the opinion that under Miss. Code Ann. §83-11-103, Defendant Cannon does not qualify as an uninsured/underinsured motor vehicle; therefore, there is no available UM coverage from State Farm. Even assuming *arguendo* that under the policies in place that Defendant Cannon was an uninsured/underinsured motor vehicle, under the prevailing Mississippi case law and the language contained in Plaintiffs' UM policy, State Farm would be entitled to a "set-off" in the amount of Defendant Cannon's policy limits.

## D. Conclusion

After careful review of the record, the Court is of the opinion that Plaintiffs have not presented any genuine issue of material fact regarding available UM coverage under Plaintiffs' State Farm policy that was in place at the time of the accident in question. The Court, having conducted a Louisiana's conflict of laws analysis, finds that Mississippi law should be applied to the facts of the present case. Applying Mississippi law accordingly, the Court finds Defendant State Farm is entitled to judgment as a matter of law on Plaintiffs' UM coverage claims. The Court notes that this decision in no way impacts Plaintiffs' ability to recover from State Farm for other claims for coverage under its State Farm insurance policy. Defendant State Farm's motion for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

This the 17 day of February, 2010.

_____
Senior Judge